UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                    Case No.   1:13cv126 – MW/GJR

ESTATE OF ROBERT F. HOOVER,
ESTATE OF LULU V. HOOVER,
deceased, and the Unknown Heirs,
devisees, grantees, assignees, lienors,
creditors, trustees, or other claimants -
claiming by, through, under, or against,
ROBERT F. HOOVER, et al.,
    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on the plaintiff's motion for summary judgment of foreclosure.

This Court finds:

(a)   All parties to this action have been duly served with legal process and the Court has jurisdiction over the parties and the subject matter.  An attorney ad litem was appointed to determine the interest of other possible claimants. (Doc. 4) The report of the attorney ad litem indicates that there are no unknown or unnamed devisees, grantees, assignees, lienors, creditors, or other claimants claiming by or through the decedent in this matter.  (Doc. 8)

(b)   A default has been entered by the Clerk of the Court against each defendant for failure to plead or otherwise defend as required by the Federal Rules of Civil Procedure. (Doc. 12)

1

(c)  Plaintiff has submitted to the Court its proof in the form of the original mortgage, promissory note, assignment, property description, and death certificate. (Doc 1, Exhibits)   The proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the Court finds a breach of the mortgage contract and the following amounts to be due to the United States from defendant, Estate of Robert F. Hoover, deceased:

As of December 16, 2013, the following sums are due and owing:

| | |
|---|---|
| (A) Unpaid Principal | $ 54,537.76 |
| (B) Interest accrued to December 16, 2013 in accordance with adjustable rate note/mortgage: initial signing rate of 2.6300% per annum and adjustable every year thereafter | $ 21,207.45 |
| (C) MIP advances for tax payments & insurance set forth in 24 CFR 206.27 & 206.103 et seq. and HUD handbook 4330.1 (13-14) et seq. | $  4,650.50 |
| (D) Service Fee set forth in HUD handbook 4330.1 (13-15) | $   3,750.00 |
| TOTAL (through December 16, 2013) | $   84,145.71 |

at the current rate of interest:   1.64% per annum or the per diem rate of $4.93, plus accruing costs, interest and attorney fees and filing fees in the amount of $350.00.   Post-judgment interest accrues thereafter at the annual rate provided for in 28 U.S.C. § 1961.

IT IS THEREFORE, ORDERED AND ADJUDGED:

(1)  Summary Judgment of Foreclosure is hereby entered in favor of the plaintiff United States against the Estate of Robert F. Hoover, deceased, and the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants - claiming by, through, under, or against,

Robert F. Hoover, deceased.

    (2)   That the Estate of Robert F. Hoover, deceased, be ordered and directed to pay the United States within ten (10) days after the date of entry of this order the sums of money found to be due the United States on the note and mortgage as set forth above.

    (3)   That if the Estate of Robert F. Hoover, deceased, fails to pay said sums within the ten (10) days period, then, under the applicable laws and rules of this Court, the United States Marshal is appointed sales officer and ordered and directed to sell the following described mortgage property, situated, lying and being in Alachua County, Florida, to wit:

> LOT 334 OF TURKEY CREEK FOREST, ACCORDING
> TO THE PLAT THEREOF AS RECORDED IN PLAT
> BOOK J, PAGE(S) 7, OF THE PUBLIC RECORDS OF
> ALACHUA COUNTY, FLORIDA.

    (4)   The Marshal of this Court shall advertise the described property in accordance with Title 28, United States Code, Sections 2001 and 2002, and after giving proper notice, conduct a sale of the property at the front door of the Alachua County Courthouse in Gainesville, Florida.

    (5)   Upon the sale being made of the property and confirmed by this Court, Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

(6) The United States is authorized to bid at the sale and any bid made by the United States all be credited against the indebtedness due the United States. If the United States is the successful bidder for an amount less than the amount due hereunder, then the United States may pay costs of Court and expenses due hereunder and it is not necessary for the United States to pay over any money other than the costs of this suit.

(7) Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder or bidders at such sale, and report the amount of the sale for confirmation. Upon the sale being made, the Marshal shall retain the proceeds thereof until confirmation and order of disbursement is made.

(8) The Court reserves jurisdiction to make a further orders as may be appropriate, including, but not limited to: an order for the issuance of a writ of assistance should repossession of the subject real property be contested; an order for the taxation of all costs; and an appropriate order of disbursement should there be a surplus upon sale of the subject real property.

**SO ORDERED on December 16, 2013.**

<u>s/Mark E. Walker</u>
**United States District Judge**